IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| JAMES R. MOORE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:14CV381 |
| | ) | |
| CAROLYN W. COLVIN, | ) | |
| Acting Commissioner of Social Security, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Plaintiff, James R. Moore, brought this action pursuant to Sections 205(g) and 1631(c)(3) of the Social Security Act (the "Act"), as amended (42 U.S.C. §§ 405(g) and 1383(c)(3)), to obtain review of a final decision of the Commissioner of Social Security denying his claims for a Period of Disability ("POD"), Disability Insurance Benefits ("DIB"), and Supplemental Security Income ("SSI") under Titles II and XVI of the Act. The Court has before it the certified administrative record and cross-motions for judgment.

## I. PROCEDURAL HISTORY

Plaintiff protectively filed applications for a POD, DIB, and SSI benefits on February 7, 2011, alleging a disability onset date of October 10, 2009. (Tr. 15, 186-194.)[1] The applications were denied initially and upon reconsideration. (Id. at 121-28, 132-49.) Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"). (Id. at 150-51.) Present at

---

[1] Transcript citations refer to the administrative record.

the January 16, 2013 hearing were Plaintiff and his attorney. (*Id.* at 25.) The ALJ determined in his March 11, 2013 decision that Plaintiff was not disabled under the Act. (*Id.* at 15-24.) On April 5, 2014 the Appeals Council denied Plaintiff's request for review, making the ALJ's determination the Commissioner's final decision for review. (*Id.* at 1-4.)

## II. FACTUAL BACKGROUND

Plaintiff was forty-eight years old on the alleged disability onset date, had a high school diploma, and was able to communicate in English. (*Id.* at 23.)

## III. STANDARD FOR REVIEW

The Commissioner held that Plaintiff was not under a disability within the meaning of the Act. Under 42 U.S.C. § 405(g), the scope of judicial review of the Commissioner's final decision is specific and narrow. *Smith v. Schweiker*, 795 F.2d 343, 345 (4th Cir. 1986). This Court's review of that decision is limited to determining whether there is substantial evidence in the record to support the Commissioner's decision. 42 U.S.C. § 405(g); *Hunter v. Sullivan*, 993 F.2d 31, 34 (4th Cir. 1992); *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Hunter*, 993 F.2d at 34 (citing *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). It "consists of more than a mere scintilla" "but may be somewhat less than a preponderance." *Id.* (quoting *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966)).

The Commissioner must make findings of fact and resolve conflicts in the evidence. *Hays*, 907 F.2d at 1456 (citing *King v. Califano*, 599 F.2d 597, 599 (4th Cir. 1979)). The Court does not conduct a de novo review of the evidence nor of the Commissioner's findings. *Schweiker*, 795 F.2d at 345. In reviewing for substantial evidence, the Court does not

2

undertake to re-weigh conflicting evidence, to make credibility determinations, or to substitute its judgment for that of the Commissioner. *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996) (citing *Hays*, 907 F.2d at 1456). "Where conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the [Commissioner] (or the [Commissioner's] designate, the ALJ)." *Craig*, 76 F.3d at 589 (quoting *Walker v. Bowen*, 834 F.2d 635, 640 (7th Cir. 1987)). The denial of benefits will be reversed only if no reasonable mind could accept the record as adequate to support the determination. *See Richardson*, 402 U.S. at 401. The issue before the Court is not whether Plaintiff is disabled, but whether the Commissioner's finding that Plaintiff is not disabled is supported by substantial evidence and was reached based upon a correct application of the relevant law. *See id.*; *Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987).

## IV. THE ALJ'S DISCUSSION

The Social Security Regulations define "disability" for the purpose of obtaining disability benefits under the Act as the "inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment[2] which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 20 C.F.R. § 404.1505(a); *see also* 42 U.S.C. §§ 423(d)(1)(a), 1382c(a)(3)(A). To meet this definition, a claimant must have a severe impairment which makes it impossible to do previous work or substantial gainful activity[3] that exists in the

---

[2] A "physical or mental impairment" is an impairment resulting from "anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382c(a)(3)(D).

[3] "Substantial gainful activity" is work that (1) involves performing significant or productive physical

3

national economy. 20 C.F.R. § 404.1505(a); *see also* 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B).

### A. The Five-Step Sequential Analysis

The Commissioner follows a five-step sequential analysis to ascertain if the claimant is disabled, which is set forth in 20 C.F.R. §§ 404.1520, 416.920. *See Albright v. Comm'r of Soc. Sec. Admin.*, 174 F.3d 473, 475 n.2 (4th Cir. 1999). The ALJ must determine in sequence:

(1) Whether the claimant is engaged in substantial gainful activity (*i.e.*, whether the claimant is working). If so, the claimant is not disabled and the inquiry ends.

(2) Whether the claimant has a severe impairment. If not, then the claimant is not disabled and the inquiry ends.

(3) Whether the impairment meets or equals to medical criteria of 20 C.F.R., Part 404, Subpart P, Appendix 1, which sets forth a list of impairments that warrant a finding of disability without considering vocational criteria. If so, the claimant *is* disabled and the inquiry is halted.

(4) Whether the impairment prevents the claimant from performing past relevant work. If not, the claimant is not disabled and the inquiry is halted.

(5) Whether the claimant is able to perform any other work considering both her residual functional capacity[4] and her vocational abilities. If so, the claimant is not disabled.

---

or mental duties, and (2) is done (or intended) for pay or profit. 20 C.F.R. §§ 404.1510, 416.910.
[4] "Residual functional capacity" is the most a claimant can do in a work setting despite the physical and mental limitations of his impairment and any related symptom (*e.g.*, pain). *See* 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1); *see also Hines v Barnhart*, 453 F.3d 559, 562 (4th Cir. 2006). The RFC includes both a "physical exertional or strength limitation" that assesses the claimant's "ability to do sedentary, light, medium, heavy, or very heavy work," as well as "nonexertional limitations (mental, sensory or skin impairments)." *Hall v. Harris*, 658 F.2d 260, 265 (4th Cir. 1981).

4

20 C.F.R. §§ 404.1520, 416.920.

Here, the ALJ first determined that Plaintiff had not engaged in substantial gainful activity since his alleged onset date of October 10, 2009. (Tr. 17.) The ALJ next found in step two that Plaintiff had the following severe impairments: history of back injury, remote history of ankle injury, and depression. (*Id.*) At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments listed in, or medically equal to, one listed in Appendix 1. (*Id.*) At the fourth step of the sequence, the ALJ determined that Plaintiff was not disabled from October 10, 2009, through the date of the decision because he could perform his past relevant work as a machine operator and an automobile mechanic. (*Id.* at 22-23.) At step five, the ALJ alternatively concluded that Plaintiff could perform other jobs in the national economy. (*Id.* at 23-24.)

### B. Residual Functional Capacity Determination

Prior to step four, the ALJ determined Plaintiff's RFC based on his evaluation of the evidence. (*Id.* at 19-22.) The ALJ determined that Plaintiff retained the RFC to perform a range of medium work with exceptions. (*Id.* at 19.) Specifically, the ALJ concluded that Plaintiff may only occasionally climb ramps, stairs, ladders, ropes and scaffolds. (*Id.*) Additionally, Plaintiff may occasionally perform acts of balancing and crouching, and he may frequently perform acts of stooping. (*Id.*) The ALJ also concluded that Plaintiff may have only occasional interaction with supervisors and co-workers due to his mental impairment. (*Id.*)

### C. Past Relevant Work

The ALJ found in step four that Plaintiff could perform his past relevant work as a

machine operator and an automobile mechanic as generally performed and that this work does not require the performance of work-related activities precluded by the claimant's residual functional capacity. (*Id.* at 22-23.)

## V. ANALYSIS

Plaintiff raises two issues. First, Plaintiff contends that "[s]ubstantial evidence does not support the ALJ's finding at step four of sequential evaluation that Moore retains the ability to perform his past relevant jobs as they are generally performed." (Docket Entry 11 at 4-11.) "[A] claimant will be found 'not disabled' if he is capable of performing his past relevant work either as he performed it in the past *or* as it is generally required by employers in the national economy." *Pass v. Chater*, 65 F.3d 1200, 1207 (4th Cir. 1995); *see* Social Security Ruling ("SSR") 82-61, 1982 WL 31387, at *1-2 (1982). Plaintiff has the burden through the first four steps of the sequential evaluation process and at the fourth step he must establish that he has an impairment which prevents him from performing his past relevant work. *See Hall v. Harris*, 658 F.2d 260, 264 (4th Cir. 1981).

The Social Security Rulings and Regulations also speak to the proper procedure for an ALJ to follow at step four. SSR 82-62 provides in pertinent part that:

> In finding that an individual has the capacity to perform a past relevant job, the determination or decision must contain among the findings the following specific findings of fact:
>
> 1. A finding of fact as to the individual's RFC.
>
> 2. A finding of fact as to the physical and mental demands of the past job/occupation.
>
> 3. A finding of fact that the individual's RFC would permit a return to his or her past job or occupation.

6

SSR 82-62, 1982 WL 31386, *4 (1982). *See also* 20 C.F.R. §§ 404.1520(e), 416.920(e) ("We use our [RFC] assessment at the fourth step of the sequential evaluation process to determine if you can do your past relevant work . . . ."). According to SSR 82-62, "[t]he claimant is the primary source for vocational documentation, and statements by the claimant regarding past work are generally sufficient for determining the skill level; exertional demands and nonexertional demands of such work." SSR 82-62, at *3; *see, e.g., Taylor v. Astrue*, Civil Action No. BPG–11–32, 2012 WL 294532, at *9 (D. Md. Jan. 31, 2012) (unpublished); *Floyd v. Astrue*, Civil No. 3:10CV474–FDW–DSC, 2011 WL 4946311, at *4–5 (W.D.N.C. June 6, 2011) (unpublished), *adopted by* 2011 WL 4946270 (W.D.N.C. Oct. 18, 2011) (unpublished); *Shamlee v. Astrue*, Action No. 2:09–cv–290, 2010 WL 3187643, at *5–6 (E.D.Va. May 28, 2010) (unpublished), *adopted by* 2010 WL 3187609 (E.D.Va. Aug. 11, 2010) (unpublished); *see also Hunter v. Sullivan*, 993 F.2d 31, 35 (4th Cir. 1992) ("Through the fourth step, the burden of production and proof is on the claimant.").

Here, as noted, after setting forth Plaintiff's RFC for a narrowed range of medium work, the ALJ found in step four that Plaintiff could perform his past relevant work as a machine operator and an automobile mechanic as they are generally performed and that this work does not require the performance of work-related activities precluded by the claimant's residual functional capacity. (Tr. 22-23.) More specifically, the ALJ stated:

> The claimant has past relevant work as a machine operator, which requires a medium level of exertion and is semi-skilled. The claimant has past relevant work as a dry curer, which requires a heavy level of exertion and is unskilled. The claimant has past relevant work as an automobile mechanic, which requires a medium level of exertion, and is skilled.
>
> In comparing the claimant's residual functional capacity with

7

> the physical and mental demands of this work, the undersigned finds that the claimant is able to perform the positions of machine operator and automobile mechanic as they are generally performed. The positions of machine operator and automobile mechanic require a medium level of exertion. As the claimant is capable of performing a range of medium work, the undersigned finds that he is capable of performing these jobs as generally performed.

(*Id.* at 23.)

Thus, the ALJ met the three criteria set forth in SSR 82-62. He rendered a finding of fact as to Plaintiff's RFC, concluding that he could perform a narrowed range of medium work. The ALJ also made a finding of fact as to the physical and mental demands of Plaintiff's past jobs/occupations as a machine operator, dry curer, and automobile mechanic. Finally, the ALJ made a finding of fact that Plaintiff's RFC would permit him to return to his past job or occupation. In reaching his step four conclusion, the ALJ compared Plaintiff's RFC with the physical and mental demands of his prior relevant work. (Tr. 19-23.)

Plaintiff argues that no vocational expert testified at the hearing regarding his past relevant work. To the extent Plaintiff asserts that vocational expert testimony was necessary at step four, this argument fails. Although social security regulations have been amended to allow vocational expert services at step four, they do not require the testimony of a vocational expert. *Martin v. Colvin*, No. 7:13-CV-273-FL, 2015 WL 1346990, at *10 (E.D.N.C. Mar. 24, 2015) (unpublished); *see also* 20 C.F.R. § 404.1560(b)(2) ("We *may* use the services of vocational experts or vocational specialists . . . to obtain evidence we need to help us determine whether you can do your past relevant work, given your residual functional capacity.")(emphasis added); *Billingsley v. Comm'r of Soc. Sec.*, No. 5:13CV126, 2014 WL 3054269, at *18 (N.D.W. Va. July 3, 2014) (unpublished) ("[T]he ALJ is clearly not required

8

to consider testimony from a vocational expert regarding plaintiff's prior job."); *Davis v. Astrue*, No. 2:10CV30, 2011 WL 399956, at *27 (N.D.W. Va. Jan. 11, 2011) *report and recommendation adopted sub nom. Davis v. Comm'r of Soc. Sec.*, No. 2:10-CV-30, 2011 WL 442118 (N.D.W. Va. Feb. 2, 2011) ("[A]n ALJ is not *required* to obtain vocational expert testimony.") (unpublished). Thus, the ALJ did not error in failing to use a vocational expert at step four.

Plaintiff also contends that the ALJ's classification of Plaintiff's past relevant jobs conflicts with his description of the jobs. (Docket Entry 11 at 5-6.) Plaintiff asserts that the ALJ erroneously relied upon assessments done at the Disability Determination Services level which concluded that Plaintiff's past work corresponded with Dictionary of Occupational Title ("DOT") occupation listings for "Machine Operator II" and "Automobile Mechanic." (*Id.* at 6-8.) While it is apparent the ALJ did not specifically list occupational codes in his findings, it is unclear how the ALJ's past jobs classifications conflict with Plaintiff's own job descriptions. In his work history report, Plaintiff indicated a job title of "machine oper[ator]" where he would "stand at a bedlock machine and operate it" and "other machines." (Tr. 239-240.) The DOT occupation listing "Machine Operator II" that the ALJ apparently relied upon was described in the state agency disability determination. (Tr. 64.) Listed under occupational code 619.685-062, this job title includes operating "fabricating machines, such as cutoff saw, shears, rolls, brakes, presses, forming machines, [and] spinning machines," and classifies this listing as "medium work." DOT 619.685-062, Machine Operator II, 1991 WL 685217. As to another relevant job, Plaintiff's work history report further indicates that he performed "general services" in a garage which includes mounting and rotating tires, changing oil, unloading trucks, maintaining the shop, and assisting other

9

mechanics. (Tr. 238.) He also testified at the hearing that he performed front-end repairs and alignments. (Tr. 29.) Plaintiff's June 16, 2011 vocational assessment identifies this employment under the DOT occupation title "Automobile Mechanic," code 620.261-010 which includes repairing and examining vehicles, inspecting parts for wear, performing front-end alignments, and repairing accessories. DOT 620.261-010, Automobile Mechanic, 1991 WL 688713. This also is classified as medium work. *Id.* At most, the ALJ's classification of Plaintiff's "machine operator" job may be arguably conflicting. However, it is clear that Plaintiff meets the DOT listing for "automobile mechanic." The ALJ's failure to cite to specific DOT codes does not suggest that his classification conflicts with Plaintiff's description of his past jobs. *Jackson v. Colvin*, No. 4:12CV0933 TCM, 2013 WL 5291723, at *11 (E.D. Mo. Sept. 19, 2013) (unpublished) (vocational expert's failure to cite specific codes does not undermine the "ALJ's reliance on the [vocational expert's] testimony about . . . past relevant work."). Plaintiff's work history report, his vocational assessment and his own testimony at the hearing is consistent with this job description relied upon by the ALJ.[5] Thus, the ALJ's classification of at least one of Plaintiff's past relevant jobs as an automobile mechanic is reasonable and his conclusion that Plaintiff could perform past relevant work as generally performed in the economy is supported by substantial evidence in the record.

Plaintiff also argues that the ALJ's alternative decision at step five is not supported by substantial evidence. However, the Court concludes that substantial evidence supports the ALJ's decision at step four that Plaintiff could perform work as an automobile mechanic as

---

[5] *Compare Boler v. Colvin*, No. 1:10-CV-451, 2013 WL 5423647, at *3 (M.D.N.C. Sept. 26, 2013) (Court concluded that the ALJ's decision was not supported by substantial evidence where there was no work background sheet, and no testimony of plaintiff's housekeeper position that the ALJ classified as past relevant work.)

Case 1:14-cv-00381-LCB-JLW   Document 14   Filed 08/14/15   Page 10 of 11

generally performed in the economy. A finding that Plaintiff is not disabled at step four precludes a step five analysis. *Mastro v. Apfel*, 270 F.3d 171, 179-180 (4th Cir. 2001). Thus, the Court need not address this issue.

## VI. CONCLUSION

After a careful consideration of the evidence of record, the Court finds that the Commissioner's decision is supported by substantial evidence. Accordingly, this Court **RECOMMENDS** that Plaintiff's Motion for Judgment reversing the Commissioner (Docket Entry 10) be **DENIED**, Defendant's Motion for Judgment on the Pleadings (Docket Entry 12) be **GRANTED**, and the final decision of the Commissioner be upheld.

                                                  Joe L. Webster
                                       United States Magistrate Judge

August 13, 2015
Durham, North Carolina

11

Case 1:14-cv-00381-LCB-JLW   Document 14   Filed 08/14/15   Page 11 of 11